**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| Kortek Industries Pty Ltd.<br><br>    Plaintiff,<br><br>       v.<br><br>Intermatic Incorporated<br><br>    Defendant | Civil Action No. 6:20-cv-00528<br><br>The Honorable _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Kortek Industries Pty Ltd. ("Kortek"), files this Complaint for Patent Infringement and Damages against Defendant Intermatic Incorporated ("Intermatic" or "Defendant"), and would respectfully show the Court as follows:

## PARTIES

1.  Plaintiff Kortek is a limited by shares Australian proprietary (private) company with its principal place of business located at 7-28 Donkin Street, West End QLD 4101, Australia. Kortek is an Australian engineering firm that develops sensors, controllers, and gateways for building cloud connected systems.

2.  On information and belief, Defendant Intermatic is a Delaware corporation with its principal place of business located at 7777 Winn Road, Spring Grove, IL 60081. Intermatic is registered to conduct business in Texas, and may be served through its registered agent, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300 Austin, TX 78744.

**JURISDICTION**

3.  This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4.  This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

5.  Kortek's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

6.  Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

7.  This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of

Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. Personal jurisdiction also exists because, on information and belief, Defendant has: (1) operated the Internet website, https://www.Intermatic.com which is available to and accessed by customers and potential customers of the Defendant; (2) operated within the judicial district, with a regular and established place of business in El Paso, Texas[1]; (3) actively advertised to residents within the District to hire a "Trade Compliance Specialist" to be located in El Paso[2]; (4) transacted business within the State of Texas; (5) solicited business and sold products to residents of this District[3]; (6) warranted its products through its sales office in El Paso[4]; (7) actively infringed and/or induced infringement of Plaintiff's patents in Texas; (8) established regular and systematic business contacts within the State of Texas; and (9) continues to conduct such business in Texas through continued operation within the District. In addition, on information and belief, witnesses from Defendant's El Paso location will be required for deposition and/or trial.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

8.      This Court also has personal jurisdiction over Defendant, because in addition to

---

[1] *E.g.*,  https://www.intermatic.com/newsroom/news/2016/new-director-of-quality-and-national-accounts-manager;
https://www.intermatic.com/-/media/intermatic/documentation/company-page/corporatebrochure_300ts10111_pgs.ashx?la=en; and
https://www.dnb.com/business-directory/company-profiles.intermatic_incorporated.3ef08374add75a7d23ce79123786f7ef.html
[2] https://www.intermatic.com/en/company/careers/trade-compliance-specialist
[3] https://www.intermatic.com/-/media/inriver/15449-10157.ashx/WH2725AT-Sell%20Sheet
[4] https://www.intermatic.com/-/media/inriver/13577-10844.ashx/AG3000%20Installation%20Instructions%20and%20Warranty%20EN

Defendant's own online website and advertising with this District, Defendant has also made its products available within this judicial district and has advertised and serviced its products' warranties in this District via a regular and established place of business in El Paso, Texas[5] and advertised to residents within the District to hire a "Trade Compliance Specialist" to be located in El Paso.[6]  It has also directly and specifically marketed its "Austin City Water Heater Timer" to "Austin [Texas]-area residents" within this District.[7]

9.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

10.     The amount in controversy exceeds $75,000 exclusive of interests and costs.

11.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) based on information set forth in ¶¶4-9, *supra*, which are herein repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, Defendant maintains a regular and established

---

[5]E.g.,  https://www.intermatic.com/newsroom/news/2016/new-director-of-quality-and-national-accounts-manager;
https://www.intermatic.com/-/media/intermatic/documentation/company-page/corporatebrochure_300ts10111_pgs.ashx?la=en; and
https://www.dnb.com/business-directory/company-profiles.intermatic_incorporated.3ef08374add75a7d23ce79123786f7ef.html
[6] https://www.intermatic.com/en/company/careers/trade-compliance-specialist
[7] https://www.intermatic.com/-/media/inriver/15449-10157.ashx/WH2725AT-Sell%20Sheet

place of business in this District including its location at 12429 Rojas Drive, El Paso, TX 79928-5201 as provided, *supra*, in ¶¶6-9.

**THE PATENTS-IN-SUIT**

12.     On October 11, 2016, United States Patent No. 9,465,377 ("the '377 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '377 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '377 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '377 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '377 Patent. Defendant is not licensed to the '377 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '377 patent whatsoever. A true and correct copy of the '377 patent is attached hereto as **Exhibit A**.

13.     On March 7, 2017, United States Patent No. 9,590,427 ("the '427 patent"), entitled "Adaptable wireless power, light and automation system" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '427 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '427 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by

assignment of all rights, title, and interest in the '427 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '427 Patent. Defendant is not licensed to the '427 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '427 patent whatsoever. A true and correct copy of the '427 patent is attached hereto as **Exhibit B**.

14.    On March 20, 2018, United States Patent No. 9,923,376 ("the '376 patent"), entitled "Adaptable wireless power, light and automation system" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '376 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '376 patent claims patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '376 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '376 Patent. Defendant is not licensed to the '376 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '376 patent whatsoever. A true and correct copy of the '376 patent is attached hereto as **Exhibit C**.

15.    On October 1, 2019, United States Patent No. 10,429,869 ("the '869 patent"), entitled "Wireless power, light and automation control" was duly and legally issued by the USPTO to Barrie Davis, Benjamin Davis, and Matthew Davis, who conveyed to Kortek Industries Pty Ltd all rights, title, and interest in and to the invention of the '869 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office. The '869 patent claims

patent-eligible subject matter and is valid and enforceable. Kortek is the exclusive owner by assignment of all rights, title, and interest in the '869 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '869 Patent. Defendant is not licensed to the '869 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '869 patent whatsoever. A true and correct copy of the '869 patent is attached hereto as **Exhibit D**.

16.     The '377, '427, '376, and '869 patents are collectively referred to herein as the "Kortek Patents" or the "patents-in-suit."

17.     Plaintiff Kortek is the owner of the entire right, title, and interest in and to the Kortek Patents. Each of the Kortek Patents are presumed valid under 35 U.S.C. § 282.

## ACCUSED INSTRUMENTALITIES

18.     Defendant Intermatic manufactures, uses, tests, markets, offers for sale, sells and/or imports into the United States wi-fi enabled smart timers.  Hereafter, the term "Accused Instrumentalities" or "Accused Products" refers to all products manufactured by Defendant practicing the patents-in-suit and all processes employed by Defendant that practice the patents-in-suit, consisting of at least Intermatic's wi-fi enabled smart timers, including by way of example and without limitation Intermatic's Ascend®-branded Smart In-Wall Timers such as those manufactured and sold under model numbers STW700W and STW700LA as well as Intermatic's Ascend Smart Timer App.  In addition and without limitation, for the '376 patent only, "Accused Instrumentalities" or "Accused Products" includes at least Intermatic's model RC2163BFE (Pool/Spa Remotely Operated Combination Control System) when used with an Intermatic Ascend®-branded Smart In-Wall Timer (for example, such timer includes either model number STW700W or STW700LA) and Intermatic's Ascend Smart Timer App.

7

## BACKGROUND

19.     Kortek Industries Pty Limited is an Australian proprietary (private) company which is focused on design of an Industrial Internet of Things (IIoT) energy control platform comprising enterprise grade hardware, firmware and knowhow developed by a management team that has created transformative solutions for leading global brands such as Sony, Siemens, Raytheon, Kodak, Visa, Mastercard and HSCB. The company's unique technology includes a range of power measurement and switching devices that let utilities and industrials securely monitor, control and automate the power supplied to electrical equipment through a local wireless network or cloud platform. Applications include demand response, grid management, industrial automation and predictive maintenance. Kortek's world first, patented architecture gives infrastructure customers reliable, future-proofed devices that can be purchased in quantity and installed without concern for the technological obsolescence common with competing IoT solutions.

20.     Kortek is backed by team of veteran engineers with a proven track record in the development and mass production of complex electronics for consumer, commercial, banking, military and industrial applications. Barrie Davis, Kortek's Managing Director, has been designing, manufacturing and selling significant products for over 45 years. Many of Barrie's pioneering achievements have formed the foundations for what have become common industry practices. His proven ability to innovate underpins Kortek's transformative technology.

21.     Kortek is a company created to commercialize the intellectual property and engineering of Xitel Pty Ltd. ("Xitel").  Barrie formed Xitel in 1976 to provide contract design services for electronic products that featured microprocessors, a relatively new technology at the time. Prior to forming Xitel, Barrie had already completed several successful products.  Significant

8

among these was the Information Electronics Ltd IE131 programmable CRT terminal which used an Intel 8008 processor, 1103 dynamic RAM and 1702A EPROM, all cutting edge in its day. For the IE131, Barrie was awarded a Masters Degree in Electrical Engineering from Adelaide University after referral to the Massachusetts Institute of Technology (MIT) for examination due to the revolutionary nature of its design.

22.     The IE131 went into full production in early 1973 and was the world's first microcomputer controlled CRT terminal, predating the Apple 1 by three years. The IE131 was sold in volume to the Australian Federal Government and utilities. On the back of this, Intel Inc offered Barrie a position at their headquarters in the USA, which he declined in order to start Xitel.

23.     In 2013, Kortek was established to commercialize the intellectual property and know-how developed by Xitel related to the Internet of Things. Kortek is focused on creating unique embedded architecture and devices for the control and measurement of electrical equipment in infrastructure applications. Kortek's technology covers a diverse range of industrial, agriculture, medical, utility and municipal market verticals. As an early entrant in the IoT, Kortek continues to file patents and holds granted applications that cover a number of cornerstone aspects.

24.     Kortek has at least 14 PCT filings, over 10 national phase primary or divisional applications, and 34 granted patents (US, EU, JP, AU, KR and CN).

### KORTEK'S DISCUSSIONS WITH INTERMATIC

25.     On June 4, 2018 – well after the priority dates of each of the Kortek Patents – Intermatic announced the release of its Ascend wi-fi programmable timer.[8] On June 28, 2018,

---

[8] See https://www.businesswire.com/news/home/20180604005717/en/New-Ascend%E2%84%A2-Smart-In-Wall-Timer-Delivers-Contractors/?feedref=JjAwJuNHiystnCoBq_hl-fqXyBvmekC3Xq1G1wQ7hjMFbZM1ntlKeK-

Kortek contacted Intermatic and began a process of knowledge sharing with a goal of Kortek either licensing Intermatic to the Kortek Patents or manufacturing product for Intermatic. *See* **Exhibit E**, June 28-July 27 2018 Kortek-Intermatic Email Chain Between Ben Davis and Tony Meister with attachments. An NDA was then signed between Intermatic and Kortek on July 9, 2018. **Exhibit F**, Kortek-Intermatic NDA. Kortek subsequently provided Intermatic with information regarding Kortek's patent portfolio including the patents-in-suit (including then-pending application number US15/287739 which later issued as the '869 patent). *See* **Exhibit E**, *supra*. Date stamped access data confirms that Intermatic accessed Kortek's patent portfolio summary document on July 18, 2018. *See* **Exhibit G**, Kortek Box.com Access Data Stamp.  After July 27, 2018, Intermatic terminated communications with Kortek including licensing discussions. *See* **Exhibit E**, *supra*. Nonetheless, Intermatic has continued to market, manufacture, and sell the Accused Instrumentalities, including its STW700W and STW700LA products.

## COUNT I
## PATENT INFRINGEMENT OF THE '377 PATENT

26.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

27.     Intermatic has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '377 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Intermatic's wi-fi enabled smart timers, including by way of example and without limitation the Accused Products.

---

8bUzJqFSVSfe41V1BKA-b6v2ZVrSSNs-
dUYKiDvY7XniNSqv88QcY1Ge_vf9QIMZ4alzIf_0HlyE0C4hZhHVlTvKnn0d0vQ%3D%3D

28.     Intermatic also indirectly infringes the '377 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Intermatic has knowingly (since at least July 2018) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '377 patent (such as its customers in this District and throughout the United States). Intermatic continues to induce infringement of the '377 patent. Intermatic has contributorily infringed and is a contributory infringer because, with knowledge of the '377 patent (since at least July 2018), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Intermatic contributes to its customers' infringement because, with knowledge of the '377 patent, Intermatic supplies the technology that allows its customers to infringe the patent.

29.     Intermatic has knowledge that its activities concerning the Accused Products infringe one or more claims of the '377 patent. On information and belief, Intermatic will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '377 patent) and Intermatic has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '377 patent. Further, Intermatic provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Intermatic's Accused Products (which are acts of direct infringement of the '377 patent). Alternatively, Intermatic knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '377 patent but took deliberate actions to avoid learning of these facts.

30.     On information and belief, Intermatic's infringement of the '377 patent has been willful and merits increased damages.

31.     On information and belief, Intermatic has known that its activities concerning the 'Accused Products infringed one or more claims of the '377 patent since at least July 2018.

32.     On information and belief, Intermatic has made no attempt to design around the claims of the '377 patent.

33.     On information and belief, Intermatic did not have a reasonable basis for believing that the claims of the '377 patent were invalid.

34.     On information and belief, Intermatic's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

35.     Kortek has been damaged as the result of Intermatic's willful infringement. Upon information and belief, Intermatic will continue to infringe one or more claims of the '377 patent unless and until they are enjoined by this Court.

36.     Intermatic has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '377 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Intermatic is enjoined from infringing the claims of the '377 patent.

37.     The claim chart attached hereto as **Exhibit H** describes how the elements of exemplary claim 1 from the '377 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT II
## PATENT INFRINGEMENT OF THE '427 PATENT

38.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

39.     Intermatic has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '427 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Intermatic's wi-fi enabled smart timers, including by way of example and without limitation the Accused Products.

40.     Intermatic also indirectly infringes the '427 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Intermatic has knowingly (since at least July 2018) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '427 patent (such as its customers in this District and throughout the United States). Intermatic continues to induce infringement of the '427 patent. Intermatic has contributorily infringed and is a contributory infringer because, with knowledge of the '427 patent (since at least July 2018), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Intermatic contributes to its customers' infringement because, with knowledge of the '427 patent, Intermatic supplies the technology that allows its customers to infringe the patent.

41.     Intermatic has knowledge that its activities concerning the Accused Products infringe one or more claims of the '427 patent. On information and belief, Intermatic will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '427 patent) and Intermatic has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '427 patent. Further, Intermatic provides information and technical support to its customers, including

13

product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Intermatic's Accused Products (which are acts of direct infringement of the '427 patent). Alternatively, Intermatic knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '427 patent but took deliberate actions to avoid learning of these facts.

42.     On information and belief, Intermatic's infringement of the '427 patent has been willful and merits increased damages.

43.     On information and belief, Intermatic has known that its activities concerning the 'Accused Products infringed one or more claims of the '427 patent since at least July 2018.

44.     On information and belief, Intermatic has made no attempt to design around the claims of the '427 patent.

45.     On information and belief, Intermatic did not have a reasonable basis for believing that the claims of the '427 patent were invalid.

46.     On information and belief, Intermatic's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

47.     Kortek has been damaged as the result of Intermatic's willful infringement. Upon information and belief, Intermatic will continue to infringe one or more claims of the '427 patent unless and until they are enjoined by this Court.

48.     Intermatic has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '427 patent. Kortek will suffer further irreparable

injury, for which it has no adequate remedy at law, unless and until Intermatic is enjoined from infringing the claims of the '427 patent.

49.     The claim chart attached hereto as **Exhibit I** describes how the elements of exemplary claim 1 from the '427 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT III
## PATENT INFRINGEMENT OF THE '376 PATENT

50.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

51.     Intermatic has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '376 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Intermatic's wi-fi enabled smart timers, including by way of example and without limitation the Accused Products.

52.     Intermatic also indirectly infringes the '376 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Intermatic has knowingly (since at least July 2018) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '376 patent (such as its customers in this District and throughout the United States). Intermatic continues to induce infringement of the '376 patent. Intermatic has contributorily infringed and is a contributory infringer because, with knowledge of the '376 patent (since at least July 2018), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use.

Intermatic contributes to its customers' infringement because, with knowledge of the '376 patent, Intermatic supplies the technology that allows its customers to infringe the patent.

53.     Intermatic has knowledge that its activities concerning the Accused Products infringe one or more claims of the '376 patent. On information and belief, Intermatic will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '376 patent) and Intermatic has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '376 patent. Further, Intermatic provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Intermatic's Accused Products (which are acts of direct infringement of the '376 patent). Alternatively, Intermatic knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '376 patent but took deliberate actions to avoid learning of these facts.

54.     On information and belief, Intermatic's infringement of the '376 patent has been willful and merits increased damages.

55.     On information and belief, Intermatic has known that its activities concerning the 'Accused Products infringed one or more claims of the '376 patent since at least July 2018.

56.     On information and belief, Intermatic has made no attempt to design around the claims of the '376 patent.

57.     On information and belief, Intermatic did not have a reasonable basis for believing that the claims of the '376 patent were invalid.

58.     On information and belief, Intermatic's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

59.     Kortek has been damaged as the result of Intermatic's willful infringement. Upon information and belief, Intermatic will continue to infringe one or more claims of the '376 patent unless and until they are enjoined by this Court.

60.     Intermatic has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '376 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Intermatic is enjoined from infringing the claims of the '376 patent.

61.     The claim chart attached hereto as **Exhibit J** describes how the elements of exemplary claim 1 from the '376 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT IV
## PATENT INFRINGEMENT OF THE '869 PATENT

62.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

63.     Intermatic has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '869 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Intermatic's wi-fi enabled smart timers, including by way of example and without limitation the Accused Products.

64.    Intermatic also indirectly infringes the '869 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b). Intermatic has knowingly (since at least July 2018) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '869 patent (such as its customers in this District and throughout the United States). Intermatic continues to induce infringement of the '869 patent. Intermatic has contributorily infringed and is a contributory infringer because, with knowledge of the '869 patent (since at least July 2018), it supplies a material part of a claimed combination, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Intermatic contributes to its customers' infringement because, with knowledge of the '869 patent, Intermatic supplies the technology that allows its customers to infringe the patent.

65.    Intermatic has knowledge that its activities concerning the Accused Products infringe one or more claims of the '869 patent. On information and belief, Intermatic will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, and use the Accused Products (which are acts of direct infringement of the '869 patent) and Intermatic has and will continue to encourage those acts with the specific intent to infringe one or more claims of the '869 patent. Further, Intermatic provides information and technical support to its customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Intermatic's Accused Products (which are acts of direct infringement of the '869 patent). Alternatively, Intermatic knows and/or will know that there is a high probability that the importation, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '869 patent but took deliberate actions to avoid learning of these facts.

66.     On information and belief, Intermatic's infringement of the '869 patent has been willful and merits increased damages.

67.     On information and belief, Intermatic has known that its activities concerning the 'Accused Products infringed one or more claims of the '869 patent since at least July 2018.

68.     On information and belief, Intermatic has made no attempt to design around the claims of the '869 patent.

69.     On information and belief, Intermatic did not have a reasonable basis for believing that the claims of the '869 patent were invalid.

70.     On information and belief, Intermatic's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

71.     Kortek has been damaged as the result of Intermatic's willful infringement. Upon information and belief, Intermatic will continue to infringe one or more claims of the '869 patent unless and until they are enjoined by this Court.

72.     Intermatic has caused and will continue to cause Kortek irreparable injury and damage by infringing one or more claims of the '869 patent. Kortek will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Intermatic is enjoined from infringing the claims of the '869 patent.

73.     The claim chart attached hereto as **Exhibit K** describes how the elements of exemplary claim 1 from the '869 patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kortek respectfully requests the following relief:

A.      A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Kortek Patents;

B.      A judgment that Defendant has induced infringement and continues to induce infringement of the Kortek Patents;

C.      A judgment that Defendant has contributorily infringed and continues to contributorily infringe the Kortek Patents;

D.      A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

F.      A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

G.      A judgment and order awarding a compulsory ongoing royalty;

H.      A judgment and order awarding Plaintiff costs associated with bringing this action;

I.      A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the Kortek Patents; and

J.      Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Kortek hereby demands a trial by jury on all issues so triable.

Dated: May 14, 2020

Respectfully submitted,

By: /s/ Erick S. Robinson

Erick S. Robinson
Texas Bar No. 24039142
Dunlap Bennett & Ludwig PLLC
7215 Bosque Blvd.
Waco, Texas 76710
(254) 870-7302 (t)
(713) 583-9737 (f)
erobinson@dbllawyers.com

David R. Keesling
Oklahoma Bar No. 17881
WDTX Admission Pending
6660 South Sheridan Road, Suite 250
Tulsa, Oklahoma 74133
Telephone: (918) 998-9350
Facsimile: (918) 998-9360
dkeesling@dbllawyers.com

*Attorneys for Kortek Industries Pty Ltd.*